UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ADRIAN SOLARES,                                :
                                                               :   Civil Docket No.
                                Plaintiff,     :
                                                               :   COMPLAINT
                - against -                    :
                                                               :
KAM FUNG WONG, INC., D/B/A KAM FUNG            :
WONG POULTRY, AM LE CHANG, and                 :
MICHELLE "DOE,"                                :
                                                               :
                                Defendants.    :
-------------------------------------------------------------- X

## NATURE OF THE ACTION

1. Plaintiff Adrian Solares ("Mr. Solares" or "Plaintiff") brings this action against Defendants Kam Fung Wong Inc. ("Kam Fung Wong"), Am Le Chang ("Mr. Chang") and Michelle "Doe" ("Ms. Doe") (collectively "Defendants") to seek redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"); New York Labor Law ("NYLL") Articles 6 and 19, § 190 *et. seq.* and § 652 and applicable regulations; 12 NYCRR § 142 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107 *et seq.*

2. Mr. Solares worked for nearly six years as a floater at Defendants' poultry market. Despite Mr. Solares regularly working at least 69.5 hours per week, and often more, Defendants unlawfully paid Mr. Solares a flat rate of $420 per week, regardless of the hours he worked. Despite keeping a punch clock log of Mr. Solares's hours, Defendants failed to pay him for his actual hours worked as well as significant overtime hours. Defendants also failed to provide Mr. Solares with legally required hiring notices and wage statements.

3. In addition, during his employment with Defendants, Mr. Solares was receiving medical treatment for prostate-related medical conditions, including prostate cancer and related symptoms. Part of his treatment required his use of a urinary catheter, which needed to be changed

1

regularly. As a result, he sometimes needed to attend medical appointments during working hours. Prior to January 2020, Defendants permitted him to leave work for a few hours at a time to attend doctors' appointments. The appointments typically lasted one to two hours and he was excused to miss two to three hours of work. However, Defendants never informed him of his right to paid sick leave or of a sick leave policy of any kind, and Mr. Solares was not compensated for the time he took off for doctors' appointments.

4. In or around January 2020 Mr. Solares's medical condition worsened. In response to Mr. Solares's request for time off to attend medical appointments, Defendants instructed him to take the full day off rather than just a couple of hours at a time, whenever he had a scheduled doctor's appointment. As a result, going forward, he had to miss entire workdays when he had doctors' appointments, despite his ability to work partial days. He was not paid for those days, so his weekly rate decreased for weeks where he missed work for medical appointments.

5. On December 7, 2020 Defendants fired Mr. Solares after he requested permission to miss work to visit his doctor.

6. Mr. Solares brings this action to remedy Defendants' failure to pay him for all hours worked, in violation of the FLSA and NYLL, and their failure to provide him with hiring and wage statements pursuant to the NYLL and applicable regulations.

7. Mr. Solares also brings this action to remedy Defendants' failure to engage in a cooperative dialogue concerning his request for reasonable accommodations to attend his doctors' appointments, Defendants' failure to accommodate his disability, and his illegal firing, in violation of the NYCHRL.

8. Mr. Solares seeks declaratory relief, unpaid wages for work performed, liquidated and statutory damages, and other appropriate relief pursuant to the FLSA and NYLL and

applicable regulations. In addition, Mr. Solares seeks declaratory relief, compensatory and punitive damages, and all other appropriate relief pursuant to the NYCHRL. Mr. Solares also seeks reasonable attorney's fees, costs, and pre-and post-judgment interest.

9. By agreement of the parties, dated April 17, 2018, the statute of limitations for Mr. Solares' claims was tolled from May 6, 2021 until August 23, 2021.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Mr. Solares' FLSA claims set forth herein pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 2617, and 29 U.S.C. § 216(b) because this claim involves federal questions regarding the deprivation of his rights under federal law.

11. This Court has supplemental jurisdiction over the NYLL and NYCHRL claims set forth herein pursuant to 28 U.S.C. § 1367, because these claims closely relate to the federal claim under the FLSA, having arisen from a common nucleus of operative facts, such that they form part of the same case or controversy.

12. Defendants are subject to jurisdiction in New York because Defendant Kam Fung Wong is a New York business, with its principal place of business at 4008 3rd Avenue, Brooklyn, New York 11232. Defendants Chang and Doe are subject to jurisdiction in New York because, upon information and belief, they reside in and conduct business in New York State.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred within the Eastern District of New York and because Defendants operate their business therein.

## PLAINTIFF'S COMPLIANCE WITH ADMINISTRATIVE FILING REQUIREMENTS

14. Contemporaneously with filing this Complaint, Mr. Solares is serving a copy of the same upon the New York City Commission on Human Rights and the Office of the Corporation

Counsel of the City of New York, thereby satisfying the requirements of Section 8-502(c) of the New York City Administrative Code.

## PARTES

**Plaintiff**

15. Plaintiff Adrian Solares ("Mr. Solares") lives with his son in Sunset Park, Brooklyn.

16. Mr. Solares worked for Defendants as a floater for nearly six years.

17. At all times relevant and material to this action, Mr. Solares was Defendants' employee within the meaning of the FLSA, NYLL, and NYCHRL.

**Defendants**

*Kam Fung Wong, Inc.*

18. Defendant Kam Fung Wong, Inc., ("Kam Fung Wong") is a New York meat wholesaler that specializes in poultry, with its principal place of business at 4008 3rd Avenue, Brooklyn, New York 11232.

*Am Le Chang*

19. Upon information and belief, Defendant Am Le Chang ("Mr. Chang") is the CEO and Founder of Kam Fung Wong, and his usual place of business is 4008 3rd Avenue, Brooklyn, New York 11232.

20. Mr. Chang is sued in his individual capacity as Mr. Solares' employer.

*Michelle "Doe"*

21. Upon information and belief, Defendant Michelle "Doe" ("Ms. Doe") is the manager at Kam Fung Wong and the wife of Mr. Chang; her usual place of business is 4008 3rd Avenue, Brooklyn, New York 11232.

22. Ms. Doe is sued in her individual capacity as Mr. Solares' employer.

23. At all times relevant and material to this action, each Defendant was Mr. Solares' employer within the meaning of the FLSA, NYLL, and NYCHRL.

24. As set forth below, and at all times relevant and material to this action, Ms. Doe and Mr. Chang oversaw operations at Kam Fung Wong and made material decisions concerning the businesses' day-to-day operations, including those concerning pay practices and personnel decisions.

25. At all times relevant and material to this action, each Defendant had the power to hire and fire Mr. Solares, control the terms and conditions of his employment, maintain employment records, and determine the rate and method of any compensation provided to him.

26. Upon information and belief, Defendant Kam Fung Wong constitutes an enterprise engaged in commerce whose gross annual revenue is at least $500,000.

27. Upon information and belief, and as more fully set forth below, Mr. Solares regularly handled goods and materials that moved in commerce and originated out of state.

## STATEMENT OF FACTS

28. Defendants hired Mr. Solares as a floater to work at Kam Fung Wong in or around January 2015. Defendants did not provide Mr. Solares with a hiring statement as required by state law.

29. Mr. Chang and Ms. Doe managed all aspects of Kam Fung Wong's business. They were present at Kam Fung Wong's place of business almost every day that Mr. Solares worked. They hired and fired employees and oversaw the management of employees' scheduling and payroll. In addition, they developed policies and procedures concerning pay practices.

30. Mr. Solares did not have a formal supervisor but was regularly directed in his work by Ms. Doe and a supervisor named Abraham Medina. Defendants deputized Mr. Medina to give

orders to Mr. Solares, but Mr. Medina did not have decision-making power of his own; rather, it was Defendants Chang and Doe who set the terms and conditions of Mr. Solares's employment. For example, along with Mr. Chang, it was Ms. Doe who hired Mr. Solares, set his rate of pay, and set his schedule.

31. Ms. Doe required Mr. Medina to communicate with Mr. Solares on her behalf. For example, when he was hired, Mr. Medina informed Mr. Solares what his schedule would be, and it was Mr. Medina who would tell Mr. Solares when the Defendants needed him to work late. When Mr. Solares needed to take time off for illness, Defendants required him to inform and receive permission from Mr. Medina.

*Mr. Solares's Job Duties, Schedule, and Pay*

32. As a floater, Mr. Solares's responsibilities included but were not limited to: cleaning the parking lot and washing the trash cans in the parking lot; taking inventory of the contents of the Defendants' freezer; labeling the chickens with a sticker; and tucking the chickens' legs inside their bodies and placing them in ice water.

33. Throughout the course of his employment, Mr. Solares regularly handled goods and materials that moved in commerce and originated out of state. For example, he regularly used cleaning supplies that originated outside of New York State.

34. Defendants regularly required Mr. Solares to work Monday through Saturday from 5:30 a.m. until 5:30 p.m., and occasionally until 6 or 6:30 p.m.. Sometimes they required him to work as late as 8 or 9 p.m. In addition, his lunch break was sometimes cut to only twenty minutes.

35. Accordingly, Mr. Solares regularly worked at least 69.5 hours per week, and often more.

*Defendants' Illegal Underpayment Policy*

6

36. Throughout his employment, Defendants paid him a flat rate of $420 per week, regardless of changes in his schedule.

37. At $420 per week, for 69.5 hours of work, Mr. Solares's regular hourly rate was just over $6 per hour, with no overtime premium for hours worked over 40 in a week.

38. This hourly rate fell far below the state and federal minimum wage in effect at all times during his employment. His hourly rate was even lower during weeks where he worked shifts past 5:30 p.m.

39. When Mr. Solares began his work at Kam Fung Wong he was required to sign a timesheet upon entry and exit. He was not given a copy of his timesheets.

40. In or around 2018, the Defendants installed a digital punch clock and required employees to punch in by placing their hands on the clock. The punch clock registered their time of entry and time of exit from the poultry market; however, sometimes the digital punch clock malfunctioned. When the punch clock did not work, it could not accurately capture employees' hours worked.

41. Defendants never issued paystubs to Mr. Solares, or any other written statement setting forth his regular rate of pay, overtime rate of pay, or other legally required information pursuant to state law.

*Defendants Fail to Accommodate Mr. Solares for his Disability*

42. During his employment with Defendants, Mr. Solares was disabled due to prostate cancer and related symptoms, for which he was receiving treatment. Part of his treatment required his use of a urinary catheter, which needed to be changed regularly. As a result, he sometimes needed to attend medical appointments during working hours.

43. Prior to January 2020, Defendants permitted Mr. Solares to leave work for a few hours at a time to attend doctors' appointments. The appointments typically lasted one to two hours and Defendants allowed him to miss two to three hours of work on those days.

44. Notwithstanding his disability, Mr. Solares was good at his job and performed his duties well throughout his employment. He did not receive any written or verbal discipline. In fact, Ms. Doe once told him that he performed his job well.

45. Although they allowed Mr. Solares time off for medical appointments, Defendants never informed Mr. Solares of his right to receive paid sick leave under New York City law, or of a sick leave policy of any kind. Defendants did not pay him for the time he took off for doctors' appointments.[1]

46. In or around January 2020 he began to need more regular visits to the doctor to change his catheter more often.

47. At that point he had worked at the poultry market for five years and during that time had only missed a few hours of work to attend approximately five doctors' appointments during workdays.

48. Beginning January 2020, rather than accommodating Mr. Sorales's need for partial days off for medical appointments, Mr. Medina told him to "take the day" whenever he had to miss work for an appointment.

49. As a result, going forward, Mr. Solares missed an entire day of pay when he had doctors' appointments, even though he was capable of working partial days as he had done in the past. He was not paid for any time he missed work due to these doctors' visits.

---

[1] On November 11, 2021, Mr. Solares filed a complaint with the New York City Department of Consumer Affairs, Office of Labor Policy and Standards, for Defendants' violations of the New York City Earned Safe and Sick Time Act, Intake No. 2021-24880-INT.

*Defendants Fire Mr. Solares Immediately After His Request for Time Off for a Doctor's Appointment*

50. On December 7, 2020 Mr. Solares reported to work and worked a few hours, but he was not feeling well. He needed to check on the condition of his urinary catheter and he requested Mr. Medina's permission to leave work to visit his doctor.

51. Mr. Medina responded by telling Mr. Solares that his job "was over." He told Mr. Solares the Defendants only want "strong" people on the job because they do not want to be responsible for something happening to employees while on the job. Mr. Solares took this to mean that he was fired from his job because of his disability and because he was requesting permission to visit his doctor.

52. Mr. Solares was shocked that after working for five years, he would be fired so suddenly.

53. As a result of Defendants' firing Mr. Solares suffered emotional distress, including feeling very sad and anxious. It was especially difficult to be fired two weeks before the holiday season, as he did not have any other income during that time.

54. Mr. Solares continues to suffer emotional distress due to Defendants' actions. Moreover, he has not yet found comparable work since his termination.

*Defendants' Willful Failure to Comply with Employment Laws and Regulations*

55. Defendants failed to communicate to Mr. Solares, verbally or in writing, any information about his rights under the NYCHRL or any other anti-discrimination laws.

56. Defendants failed to maintain any displays or postings on Kam Fung Wong's premises informing employees of their rights under the NYCHRL or any other discrimination laws.

57. Defendants failed to maintain any displays or postings on the premises of Kam Fung Wong informing employees of their rights under state or federal wage and hour laws.

58. Defendants failed to inform Mr. Solares of his right to be paid for every hour worked, or of his right to be paid overtime pay for hours worked over forty in one week.

59. Defendants, as a matter of policy, refused to pay Mr. Solares for his actual hours worked each week, nor did they pay him an overtime premium of one-and-a-half times his regular pay rate for work hours in excess of forty hours in one week.

60. Defendants failed to provide Mr. Solares with a written hiring statement within ten days of his hiring, or with accurate wage statements listing information such as his overtime rate of pay or hours worked in each pay period.

61. Defendants were aware that the wage and hour laws required them to pay their employees the legally mandated state and federal minimum wage, and to pay overtime wages for all hours worked over forty in a week.

62. In fact, Defendants had been sued for wage violations in the recent past and have defended those lawsuits through counsel. *See, e.g.*, *Munoz v. Kam Fung Wong Inc.*, 20-CV-4015 (E.D.N.Y. 2020); *Guzman v. Kam Fung Wong Inc. et al.*, 18-CV-6998 (E.D.N.Y. 2018). Still, Defendants failed to pay Mr. Solares as required by wage and hour laws and have not sought to remedy any underpayments since being sued for wage theft.

63. Accordingly, Defendants knowingly, intentionally, and willfully committed the acts alleged herein.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**(Unpaid Minimum Wages)**
**(Fair Labor Standards Act, 29 U.S.C. § 206(a))**

10

64. Mr. Solares realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

65. Defendants failed to pay Mr. Solares the applicable hourly minimum wage for all hours worked in violation of 29 U.S.C. § 206(a).

66. As a result of those violations, Mr. Solares is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, all in the amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Unpaid Overtime Wages)
### (Fair Labor Standards Act, 29 U.S.C. § 207(a)(1))

67. Mr. Solares realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

68. Defendants failed to pay Mr. Solares overtime wages for hours worked in excess of forty hours per week at a rate of one-and-a-half times his regular rate of pay, in violation of 29 U.S.C. § 207(a)(1).

69. As a result of those violations, Mr. Solares is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, all in the amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Unpaid Minimum Wages)
### (New York Labor Law § 652(1); 12 New York Codes, Rules and Regulations §§ 142-2.1, 2.10)

70. Mr. Solares realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

71. Defendants failed to pay Mr. Solares the applicable hourly minimum wage for all hours worked in violation of New York Labor Law § 652(1) and applicable regulations.

72. As a result of those violations, Mr. Solares is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of this action, all in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(Unpaid Overtime Wages)**
**(New York Labor Law § 652; 12 New York Codes, Rules and Regulations § 142-2.2)**

73. Mr. Solares realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

74. Defendants failed to pay Mr. Solares overtime wages for hours worked in excess of forty hours per week at a rate of one-and-a-half times his regular rate of pay or the minimum wage to which he was entitled to receive under the New York Labor Law and applicable regulations. As a result of those violations, Mr. Solares is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, all in the amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(Failure to Provide Hiring Notice)**
**(New York Labor Law § 195(1))**

75. Mr. Solares realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

76. Defendants failed to furnish to Mr. Solares with a notice within ten days of hiring, that contained information about his rate of pay and basis thereof, along with other legally required information.

77. As a result of those violations, Mr. Solares is entitled to recover from Defendants, jointly and severally, statutory penalties of $50 per workday for each day Defendants failed to provide such a notice, up to $5,000, together with reasonable attorney's fees, costs of the action, and pre-judgment interest, all in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (Failure to Provide Accurate Wage Statements)
### (New York Labor Law § 195(3), 12 NYCRR § 142-2.7)

78. Mr. Solares realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

79. Defendants failed to furnish Mr. Solares with an accurate statement with every payment of wages, listing, among other information Mr. Solares's regular and overtime hours worked, and overtime rate of pay.

80. As a result of those violations, Mr. Solares is entitled to recover from Defendants, jointly and severally, damages of $250 for each workday that the violations occurred or continued to occur, up to $5,000, together with reasonable attorney's fees, costs of the action, and pre-judgment interest, all in an amount to be determined at trial.

### SEVENTH CAUSE OF ACTION
### (Unlawful Disability Discrimination: Failure to Engage in Cooperative Dialogue)
### (New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(28))

81. Mr. Solares realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

82. Section 8-107(28)(a) of the New York City Human Rights Law required that Defendants engage in a cooperative dialogue with Mr. Solares within a reasonable time once he requested an accommodation or once they were on notice that he might require such an accommodation. Defendants were obligated to engage in a cooperative dialogue independently of their related obligation to provide a reasonable accommodation to Mr. Solares pursuant to N.Y.C. Admin. Code § 8-107(15).

83. Defendants failed to do so by, among other things, failing to communicate in good faith with Mr. Solares concerning his need for an accommodation, and failing to notify him in writing of their determination regarding his requested accommodation.

84. By the acts and practices described above, Defendants unlawfully discriminated against Mr. Solares because of his disability in violation of the New York City Human Rights Law.

85. As a result of those violations, Mr. Solares is entitled to recover from Defendants compensatory damages, punitive damages, costs, and reasonable attorney's fees, all in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**
**(Unlawful Disability Discrimination: Failure to Accommodate)**
**(New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(15))**

86. Mr. Solares realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

87. Section 8-107(15) of the New York City Human Rights Law makes it an unlawful discriminatory practice for an employer not to provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job, provided that the disability is known or should have been known by the employer.

88. Defendants knew of Mr. Solares's disability and unreasonably failed to provide a reasonable accommodation to him, despite his request for the reasonable accommodation of time off from work to attend doctors' appointments.

89. By the acts and practices described above, Defendants unlawfully discriminated against Mr. Solares because of his disability in violation of the New York City Human Rights Law.

90. As a result of those violations, Mr. Solares is entitled to recover from Defendants compensatory damages, punitive damages, costs, and reasonable attorney's fees, all in an amount to be determined at trial.

### NINTH CAUSE OF ACTION
### (Unlawful Disability Discrimination: Interference with Protected Rights)
### (New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(19))

91. Mr. Solares realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

92. Section 8-107(19) of the New York City Human Rights Law prohibits an employer from coercing, intimidating, threatening, or interfering with employees in their exercise or enjoyment of any right granted or protected under the NYCHRL.

93. By the acts described above, including by discouraging Mr. Solares from taking time off for doctors' appointments, refusing to pay him for the time he did take off, and firing him upon his request for additional medical leave, Defendants unlawfully interfered with Mr. Solares's rights under the NYCHRL.

94. As a result of those violations, Mr. Solares is entitled to recover from Defendants compensatory damages, punitive damages, costs, and reasonable attorney's fees, all in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request this Court enter a judgment:

1. Declaring Defendants' acts, practices, and omissions complained of herein to be in violation of Mr. Solares's rights under the FLSA, NYLL, and NYCHRL;

2. Directing Defendants to pay Mr. Solares unpaid wages under the FLSA and NYLL;

3. Directing Defendants to pay Mr. Solares liquidated damages under the FLSA and NYLL and statutory damages under the NYLL;

4. Directing Defendants to pay Mr. Solares back pay, front pay, and compensatory damages including damages for emotional distress under the NYCHRL;

5. Directing Defendants to pay Mr. Solares punitive damages sufficient to punish and deter continuation of Defendants' unlawful employment practices under the NYCHRL;

6. Awarding Mr. Solares reasonable attorney's fees, costs, and expenses as provided by law under the FLSA, NYLL, and NYCHRL; and

7. Awarding such other legal and further relief that this Court deems necessary, just, and proper.

Dated:   New York, New York
         February 8, 2022

                                        Respectfully Submitted,

                                        **BETH E. GOLDMAN, ESQ.**
                                        New York Legal Assistance Group
                                        100 Pearl Street
                                        New York, NY 10004
                                        Tel: (212) 659-6141

                                        _____
                                        Anamaria Segura, of Counsel

                                        *Attorneys for Plaintiff*