

June 20, 2023

**VIA ECF**

Hon. Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     **Re:** **Solares v. Kam Fung Wong, Inc. et al.**
       **Docket No. 22-CV-00712 (ENV) (PK)**

Dear Judge Kuo:

  We represent Adrian Solares ("Plaintiff") in the above-referenced matter. Plaintiff writes jointly with Kam Fung Wong, Inc., D/B/A Kam Fung Wong Poultry, Am Le, A.K.A. "Michelle" Chang, and Henry Chang ("Defendants") to request that the Court approve the parties' settlement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The parties' settlement agreement, and exhibits to this letter motion, are included with this letter motion. For all the reasons that follow, the parties respectfully request that the Court grant the instant motion in its entirety on the grounds that the settlement in this FLSA action represents a fair and reasonable compromise of a *bona fide* dispute.

**I.**  **Relevant Background**

  Plaintiff brought this action to recover: (a) unpaid wages and overtime premium pay under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"); (b) unpaid wages and overtime under the New York Labor Law § 652 *et seq.* ("NYLL"); (c) penalties from Defendants' failure to issue Plaintiff with a wage notice and wage statements pursuant to NYLL §§ 195(1) and 195(3); and (d) damages from Defendants' violations under New York City Human Rights Law § 8-107 *et seq.* for acts of discrimination on the basis of Plaintiff's disability.

  The parties attended two mediations with an experienced mediator and evaluated their respective positions. The parties wish to avoid the considerable uncertainty and risks of litigation, as well as the expense and length of continued proceedings necessary to prosecute and defend this matter. The Settlement Agreement presented to the Court is the product of arm's-length negotiations between experienced counsel. A copy of the Settlement Agreement is annexed as Exhibit A.

## II. The Proposed Settlement Agreement is Fair and Reasonable

Proposed settlements under the FLSA require court approval because private settlements under the FLSA will not effectuate a valid release. Cheeks, 796 F.3d at 200. Federal courts routinely allow employees seeking to settle and release FLSA claims to do so pursuant to a judicially supervised settlement. Le v. SITA Information Networking Computing USA, Inc., 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008). When parties bring a proposed settlement of an FLSA claim before a court, the court must scrutinize the settlement to determine whether it is fair and reasonable. Velasquez v. SAFI-G, Inc., 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). In determining whether a proposed settlement is fair and reasonable, the court must consider the totality of circumstances, including but not limited to the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.

Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) (citing Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332 (S.D.N.Y. 2012) "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citations omitted).

### A. Plaintiff's range of possible recovery

The Settlement Agreement calls for Plaintiff to receive a fair and reasonable percentage of the possible maximum recovery. Plaintiff will receive one payment of $ 115,000 which represents approximately 30% of his maximum recovery under all his claims[1]. See Exhibit B (damage calculations). Courts have approved FLSA settlements of less than 25% of the maximum possible recovery under wage claims. See Felix v. Breakroom Burgers & Tacos, No. 15-CV-3531, 2016 U.S. Dist. LEXIS 30050 (S.D.N.Y. Mar. 8, 2016) (approving settlement amount of less than 25% of the maximum possible recovery). Here, the 30% of recovery under Plaintiff's FLSA and NYLL claims falls within the range of court approved settlement amounts.

### B. Parties' burdens, expenses, and risks in continued litigation

The parties' settlement acknowledges the burdens, expenses, and risks of continued litigation. Plaintiff relies mainly on his recollection to support his position of the hours that he worked and the pay that he received, which Defendants strongly contest. Defendants vigorously dispute Plaintiff's allegations of disability discrimination which would require extensive time and

---

[1] The Parties' Settlement Agreement and Settlement Amount also includes settlement of Plaintiff's ESSTA claim with the NYC Dept. of Consumer and Worker Protection. Plaintiff's maximum recovery on this claim is approximately $32,000.00.

2

expense to reach a determination on this issue. The Settlement Agreement calls for one payment to Plaintiff within 15 days of the Court's approval of the settlement which would secure a settlement to Plaintiff sooner. See Exhibit A. Considering the inherent risks of proceeding to trial, Plaintiff believes that this settlement is an excellent result of the assertion of his rights and protections and should be approved as fair. See Meigel v. Flowers of the World, NYC, Inc., 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.")

### C.     Parties' arm's length negotiations with experienced counsel

Approval of a settlement is warranted where it is the result of "contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." Reyes v. Buddha-Bar NYC, 2009 U.S. Dist. LEXIS 45277, at *8 (S.D.N.Y. May 28, 2009).

The settlement was reached after contentious arm's length negotiations. The parties did not reach an agreement after the first mediation held on January 26, 2023. The parties only reached settlement after requesting and later preparing for a second mediation on May 4, 2023. Had no fair compromise been reached on May 4, 2023, the parties intended to proceed with litigation.

Plaintiff's attorney Anamaria Segura litigated numerous lawsuits under the FLSA and NYLL including cases certified as class actions that concluded with court-approved settlements, and individual wage and hour claims ending in settlements subject to Cheeks approval. See, e.g., Pinzon v. 552 La Mina Supermarket, Inc., No. 16 Civ. 460 (S.D.N.Y.); Castillo v. BNV Home Care Agency, No. 650726/2013 (Sup. Ct. N.Y. Cty.); Castillo v. First Care of New York, Inc., No. 51140/2013 (Sup. Ct. Westchester Cty.); Luna v. Lorenzo & Maria's 1418 Kitchen Co., No. 13 Civ. 1564 (S.D.N.Y); see also Sykes v. Harris, No. 09 Civ. 8486, 2016 WL 3030156, at *4 (S.D.N.Y. May 24, 2016) (approving consumer class action settlement in which MFY Legal Services and co-counsel represented plaintiffs, noting experience of counsel).

Plaintiff's attorney Brian Nettle has strictly pursued labor and employment litigation working as a solo practitioner and co-counsel with experienced attorneys with favorable results including court approval under a Cheeks motion. See e.g., Hernandez v. Yours Wholesome Foods, Inc. et al., No. 22 Civ. 3011 (S.D.N.Y.) (court approval of the FLSA settlement); Nai He Li v. Moon Mode Design Fashion, Inc. et al, No. 22 Civ. 793 (E.D.N.Y.) (present litigation under FLSA and NYLL claims); Bonilla et al. v. Lucero Produce II Corp et al., No. 22 Civ. 153 (S.D.N.Y.) (present litigation under FLSA and NYLL claims). Attorney Nettle has also litigated numerous wage and discrimination claims in arbitration.

**D.     Limited releases, confidentiality and non-disparagement present no barrier to approval**

No other barriers exist in approving the terms of the Settlement Agreement. Southern District courts scrutinize confidentiality and non-disparagement provisions in FLSA settlement agreements to ensure that they do not undermine the public purposes of the FLSA. See e.g., Lopez, LLC, 96 F. Supp. 3d 170, 178 (S.D.N.Y. 2015) (court must safeguard "public's independent interest in assuring that employees' wages are fair") (Kaplan, J.); Santos v. El Tepeyac Butcher Shop Inc., 2015 U.S. Dist. LEXIS 168186 at * 4 (confidentiality and non-disparagement provisions may not "thwart Congress's intent to ensure widespread compliance with" the statute) (S.D.N.Y. Dec. 15, 2015) (Abrams, J.). There is no non-disparagement clause in the Settlement Agreement and the Settlement Agreement expressly states that "[n]othing in this Agreement shall be construed to keep the terms and conditions of this Agreement confidential." See Exhibit A.

**III.    Plaintiff's Attorney's Fees are Fair and Reasonable**

Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award. Lliguichuzcha, 948 F. Supp. 2d at 366. "Counsel must submit evidence providing a factual basis for the [attorney's fees] award." Beckert v. Rubinov, 2015 U.S. Dist. LEXIS 145632 at *6 (S.D.N.Y. Oct. 27, 2015) (quotations and citations omitted). See Exhibit C (costs and attorneys' fees).

Plaintiff's attorneys' fees of $10,000.00 is fair and reasonable. The $10,000.00 fee is calculated as of the gross settlement amount after costs are deducted and costs added back in as reimbursement, representing 8% of the settlement amount, well below the lodestar amount of $18,518.10, excluding time spent following the second mediation. See Exhibit C. Courts "regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." Pinzon v. Jony Food Corp., No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424, at *8 (S.D.N.Y. May 24, 2018) (quoting Meza v. 317 Amsterdam Corp., No. 14-CV-9007 (VSB) 2015 U.S. Dist. LEXIS 166890 [S.D.N.Y. Dec. 14, 2015]). Approval of this award presents no comparable issues related to approval of the fee award.

For all of the foregoing reasons, the Parties respectfully request that this Court grant the parties joint motion and approve the settlement of this action, including approval of the Plaintiff's release of claims under the FLSA, so that this action shall be dismissed with prejudice, subject to the condition that the matter may be reopened if the settlement payment is not made within fifteen (15) days of court approval of the Settlement Agreement.

        Respectfully submitted,

        */s Brian Nettle*
        Brian 'Geno' Nettle, Esq.
        *Attorney for Plaintiff*

cc:     All counsel of record (via ECF)

# EXHIBIT A

Case 1:22-cv-00712-ENV-PK   Document 25   Filed 06/20/23   Page 6 of 16 PageID #: 137

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ADRIAN SOLARES,

                Plaintiff,

-against-

KAM FUNG WONG, INC., D/B/A KAM FUNG WONG POULTRY, AM LE, A.K.A. "MICHELLE" CHANG, and HENRY CHANG,

                Defendants.

22-CV-00712-ENV-PK

SETTLEMENT AGREEMENT AND RELEASE

    This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff ADRIAN SOLARES ("Plaintiff") on the one hand, and Defendants KAM FUNG WONG, INC., D/B/A KAM FUNG WONG POULTRY ("KFW"), AM LE, A.K.A. "MICHELLE" CHANG, and HENRY CHANG ("Defendants"), on the other hand (Plaintiff and Defendants are collectively referred to as the "Parties").

    WHEREAS, Plaintiff alleges that he was previously employed by Defendants;

    WHEREAS, a dispute arose between Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, captioned *Solares v. Kam Fung Wong, Inc.*, et al; Case No: 2:22-cv-00712-ENV-PK (hereinafter "the Litigation"), alleging violations of federal and state wage and hour and overtime laws, as well as violations of the New York City Human Rights Law;

    WHEREAS, Defendants deny any violation of federal or state wage and hour, overtime laws and/or human rights laws, including but not limited to all laws asserted by Plaintiff in the Litigation;

    WHEREAS, Plaintiff filed a complaint with the New York City Department of Consumer Affairs alleging violations of the New York City Earned Safe and Sick Time Act ("ESSTA");

    WHEREAS, Defendants deny any violation of ESSTA, including but not limited to all allegations asserted by Plaintiff in connection with his ESSTA complaint;

    WHEREAS, the Parties now desire to enter into this Agreement to resolve all disputes among them in the Litigation and with respect to the ESSTA complaint, and to avoid further costs and expenses and the uncertainty of litigation and further ESSTA proceedings;

    NOW, THEREFORE, in consideration of the foregoing recitals and mutual covenants and undertakings contained in this Agreement, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1

1. Settlement Payment: Defendants shall pay or cause to be paid to Plaintiff and Plaintiff's counsel, subject to the terms and conditions of this Agreement, the total sum of One Hundred Twenty-Five Thousand Dollars and Zero Cents ($125,000.00) (the "Settlement Amount"), inclusive of Attorneys' Fees, as follows:

(a) Escrow: Within 30 days of Defendants' receipt of Plaintiff's draft of the proposed *Cheeks* motion, Defendants shall transfer the full Settlement Amount to Turck Law, P.C. to be held in escrow.

(b) Court Approval: Within 15 days of Court approval of the *Cheeks* motion, Turck Law, P.C. shall issue the following two (2) checks drawn from Defendants' funds in escrow and totaling the full Settlement Amount (the "Settlement Checks"): (i) A check payable to Plaintiff "Adrian Solares" in the amount of $115,000.00; and (ii) A check payable to Plaintiff's counsel "New York Legal Assistance Group" in the amount of $10,000.00 as and for attorneys' fees.

(c) Delivery: The Settlement Checks shall be delivered to Plaintiff's counsel via First-Class U.S. mail or a nationally recognized overnight courier (e.g., Federal Express) at 100 Pearl Street, 19th Floor New York, NY 10004.

(d) Subject to the Notice of Default provisions of Paragraph 2 below, failure of Defendants to timely pay the full Settlement Amount as provided herein shall render all Defendants in default with respect to this Agreement. Subject to the Notice of Default provisions of Paragraph 2 below, failure of any check(s) tendered in satisfaction of any part of the Settlement Amount to clear the account of the issuer of such check(s) upon Plaintiff's, or their counsel's, attempt to cash such check(s) shall render all Defendants in default with respect to this Agreement.

(e) Taxes: Defendants shall make all payments under this Agreement without deductions or withholdings. Plaintiff and New York Legal Assistance Group ("NYLAG") shall each provide a completed IRS Form W-9 to the Defendants with a copy of this executed Agreement. Defendants shall issue the Plaintiff and NYLAG a separate IRS Form 1099 for payment of his or its respective portion of the Settlement Amount. The Plaintiff shall be responsible for his portion of all taxes, interest, and penalties due with respect to his receipt of his portion of the Settlement Amount reported on IRS Form 1099 and made pursuant to this Agreement. Plaintiff agrees to indemnify, defend, and hold the Defendants harmless from and against any and all taxes, interest, penalties, attorneys' fees, and other costs imposed on the Defendants as a result of his failure to timely pay such taxes. Plaintiff has not relied upon any advice from Defendants as to the taxability of the payments received pursuant to this Agreement.

2. Default: Failure of Defendants to timely pay the full Settlement Amount as provided herein shall render all Defendants in default with respect to this Agreement. Similarly, failure of any check(s) tendered in satisfaction of any part of the settlement amount to clear the account of the issuer of such check(s) upon Plaintiff's, or their counsel's, attempt to cash such check(s) shall render all Defendants in default with respect to this Agreement.

In the event of Default, the aggrieved party or parties shall be entitled to pursue judicial enforcement of the terms of this Agreement, provided that no such court intervention shall be sought until ten (10) business days elapse following the giving of notice, in accordance with and as defined in Paragraph 3 below, to the defaulting party or parties.

In the event of Default, the aggrieved party or parties shall be entitled to recover from the defaulting party or parties all reasonable costs and attorneys' fees incurred in redressing or remedying such Default.

3. Notices: Notices required under this Agreement, including but not limited to the Notice required by Paragraph 2, shall be in writing and shall be deemed given on the first business day following first-class mailing and/or electronic transmission thereof. Notice hereunder shall be delivered as follows:

To Plaintiff Adrian Solares:
Brian 'Geno' Nettle, Esq.
c/o New York Legal Assistance Group
100 Pearl Street, 19th Floor
New York, NY 10004
Email: gnettle@nylag.org

To Defendants Kam Fung Wong, Inc. and Am Le Chang:
Shawn A. Turck, Esq.
c/o Turck Law, P.C.
225 Broadway, Suite 1901
New York, NY 10007
Email: shawn@turcklaw.com

To Defendant Henry Chang:
Arthur O. Louissaint, Esq.
c/o The Louissaint Law Firm
225 Broadway, Suite 1901
New York, NY 10007
Email: arthur@thelawyers.nyc

4. Release and Covenant Not To Sue: Plaintiff and Defendants hereby irrevocably and unconditionally release from, and forever discharge and covenant not to sue each other, and for each of them, any and all of their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, employees, attorneys, legal representatives and managers, with respect to any and all wage and hour allegations and/or ESSTA claims which putatively arose during the time frame that was the subject of the Litigation and/or ESSTA Complaint, including but not limited to any allegations and/or claims arising under the Fair Labor Standards Act, the New York Labor Law, the New York City Administrative Code and/or any other New York State, New York City and/or federal statute, regulation, or ordinance governing or otherwise addressing wage and hour and/or ESSTA issues. Included in this provision of release are any, with respect to wage and hour issues and/or ESSTA issue putatively arising during the subject time period, charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and litigation costs, whether fixed or contingent (hereinafter referred to as "claim" or "claims"). The parties hold each other harmless from any and all known claims and liabilities of any kind that they have, had or claimed to have against each other relating specifically to the claim and/or counterclaims asserted in the Litigation and/or the ESSTA Complaint that have occurred as of the last day of signature of this Agreement.

Plaintiff's ability to communicate with or participate in an investigation or proceeding conducted by any federal, state, or local governmental agency or commission ("Government Agencies") is excluded. Plaintiff shall provide written notice to Defendants' counsel within ten (10) days of notice to participate in an investigation or proceeding conducted by Government Agencies.

5. ESSTA Complaint: Plaintiff agrees that the Settlement Amount fully and fairly compensates Plaintiff for all claims asserted in the Litigation and in his ESSTA Complaint. Within 15 (fifteen) days upon receipt of the Settlement Amount to Turck Law, P.C. to be held in escrow, Plaintiff shall withdraw his ESSTA Complaint and waives any claim or right of recovery with respect to the claims that were made or could have been made in his ESSTA Complaint.

6. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability or wrongdoing whatsoever, or of any violation of any law, rule, statute, regulation, duty, contract, right or order, all of which are expressly denied.

7. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by authorized representatives of all of the Parties.

8. Acknowledgments: Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

9. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent to the personal jurisdiction of the United States District Court for the Eastern District of New York and the Supreme Court of the State of New York, and stipulate to jointly request that the United States District Court for the Eastern District of New York and/or the Supreme Court of the State of New York exercise jurisdiction, in any subsequent proceeding to enforce this Agreement. Absent an explicit disavowal of retention of jurisdiction on the part of the United States District Court, such Court's approval of this Agreement shall be construed as a dismissal of the Litigation with prejudice subject to an explicit retention of jurisdiction for purposes of enforcing the provisions of this Agreement.

10. Enforceability: If any provision(s) of this Agreement is held to be illegal, void, or unenforceable, the illegality or unenforceability of such provision(s) shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. Release Notification: Plaintiff has had the opportunity to discuss the terms of this Agreement and release of claims with his legal counsel prior to his entering into this Agreement. Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his counsel. Plaintiff confirms

that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

    12.    Confidentiality: Nothing in this Agreement shall be construed to keep the terms and conditions of this Agreement confidential.

    13.    Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This Agreement may also be executed by facsimile transmission.

PLAINTIFF:

_/s/ Adrian Solares_                          Date: 6/16/2023
ADRIAN SOLARES

INDIVIDUAL DEFENDANTS:

_[signature]_                                  Date: 6/20/2023
AM LE CHANG

_[signature]_                                  Date: 6/20/2023
HENRY CHANG

CORPORATE DEFENDANT :

KAM FUNG WONG, INC. (D/B/A KAM FUNG WONG POULTRY)

_[signature]_                                  Date: 6/20/2023
(signature)

Name (Print): AM L CHANG        Title: PRESIDENT

5

# EXHIBIT B

## Solares v. Kam Fung Wong et. al., 22-CV-00712 (ENV)(PK)

### Damages Computation Under FLSA & NYLL & NYCHRL

| | | |
|---|---|---|
| **Note re: Overlapping Damages:** | As reflected in totals, Plaintiff does not seek damages under FLSA and NYLL for overlapping time periods | |
| **Note re: Date Ranges:** | Action filed 2/8/2022. FLSA & NYLL SOL tolled per parties' agreement, from 5/6/2021 to 8/23/2021, and thus FLSA claim extends back 3 years and 109 days, to October 22, 2017. NYLL claim additionally tolled per Executive Order No. 202.8 (and subsequent extensions) from March 20, 2020 through November 3, 2020, an additional 228 days, to March | |

**Unpaid Wages Computation under FLSA**

| Date Range | Appx. # Weeks | Appx. Hours Worked/Wk | # Regular Hrs | # OT Hours | Amount Paid Per Week | Actual Hourly Rate Paid for all Hours | Fed MW in Effect | Fed MW Owed Per Week | NYS MW in Effect | NYS OT Rate | Total Fed MW Owed for Date Range | OT Owed Per Week | OT Owed for Date Range |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **2017** | | | | | | | | | | | | | |
| 10/22/2017 to 12/31/2017 | 10 | 70.5 | 40 | 30.5 | $420.00 | $5.96 | $7.25 | $91.13 | $11.00 | $16.50 | $911.25 | $167.75 | $1,677.50 |
| **2018** | | | | | | | | | | | | | |
| 01/01/2018 to 12/31/2018 | 52 | 70.5 | 40 | 30.5 | $540.00 | $7.66 | $7.25 | $ - | $13.00 | $19.50 | $ - | $198.25 | $10,309.00 |
| **2019** | | | | | | | | | | | | | |
| 01/01/2019 to 12/31/2019 | 52 | 70.5 | 40 | 30.5 | $620.00 | $8.79 | $7.25 | $ - | $15.00 | $22.50 | $ - | $228.75 | $11,895.00 |
| **2020** | | | | | | | | | | | | | |
| 01/01/2020 to 12/07/2020 | 49 | 70.5 | 40 | 30.5 | $720.00 | $10.21 | $7.25 | $ - | $15.00 | $22.50 | $ - | $228.75 | $11,208.75 |
| | | | | | | | | | | **Total Fed MW** | $911.25 | **Total OT** | $35,090.25 |

**Unpaid Wages Computation under New York Labor Law**

| Date Range | Appx. # Weeks | Appx. Hours Worked/Wk | # Regular Hrs | # OT Hours | Amount Paid Per Week | Actual Hourly Rate Paid for all Hours | NYS MW in Effect | NYS OT Rate | NYS MW Owed Per Week | OT Owed Per Week | MW Owed for Date Range | OT Owed for Date Range | Unpaid Spread of Hours for Date Range |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **2015** | | | | | | | | | | | | | |
| 3/8/2015 to 12/31/2015 | 50 | 61 | 40 | 21 | $420.00 | $6.89 | $8.75 | $13.13 | $113.75 | $91.88 | $5,653.38 | $4,566.19 | $2,609.25 |
| **2016** | | | | | | | | | | | | | |
| 01/01/2016 to 12/31/2016 | 52 | 61 | 40 | 21 | $420.00 | $6.89 | $9.00 | $13.50 | $129.00 | $94.50 | $6,708.00 | $4,914.00 | $2,808.00 |
| **2017** | | | | | | | | | | | | | |
| 01/01/2017 to 12/31/2017 | 52 | 61 | 40 | 21 | $420.00 | $6.89 | $11.00 | $16.50 | $251.00 | $115.50 | $13,052.00 | $6,006.00 | $3,432.00 |
| **2018** | | | | | | | | | | | | | |

| Period | Weeks | Hrs | Reg | SOH | Rate | MW | MW Rate | OT Rate | OT Amt | SOH Amt | MW Owed | OT Owed | SOH Owed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/01/2018 to 12/31/2018 | 52 | 61 | 40 | 21 | $ 540.00 | $ 8.85 | $ 13.00 | $ 19.50 | $ 253.00 | $ 136.50 | $ 13,156.00 | $ 7,098.00 | $ 4,056.00 |
| **2019** | | | | | | | | | | | | | |
| 01/01/2019 to 12/31/2019 | 52 | 61 | 40 | 21 | $ 620.00 | $ 10.16 | $ 15.00 | $ 22.50 | $ 295.00 | $ 157.50 | $ 15,340.00 | $ 8,190.00 | $ 4,680.00 |
| **2020** | | | | | | | | | | | | | |
| 01/01/2020 to 12/07/2020 | 49 | 61 | 40 | 21 | $ 720.00 | $ 11.80 | $ 15.00 | $ 22.50 | $ 195.00 | $ 157.50 | $ 9,496.50 | $ 11,208.75 | $ 4,383.00 |

| | | |
|---|---|---|
| **Total OT Owed** | $ | 41,982.94 |
| **Total MW Owed** | $ | 63,405.88 |
| **Spread of Hours Claim** | $ | 21,968.25 |
| **Liquidated Damages** | $ | 127,357.06 |
| **Wage Notice (NYLL Penalties)** | $ | 5,000.00 |
| **Wage Statements (WTPA Penalties)** | $ | 5,000.00 |
| **Total FLSA/NYLL Damages** | $ | 264,714.13 |
| **Total NYLL Damages** | | $ 63,405.88 / $ 41,982.94 / $ 21,968.25 |
| Compensatory Damages for Emotional Distress | $ | 50,000.00 |
| Punitive Damages | $ | 20,000.00 |
| Back Pay (12 weeks, 12/7/2020 to 3/1/2021) | $ | 15,435.00 |
| **Total** | $ | 350,149.13 |

# EXHIBIT C

**Solares v. Kam Fung Wong et. al., 22-CV-00712 (ENV)(PK)**
**Plaintiff's Counsel Fee Detail**

| Date of Service | Time Spent | Caseworker | Activity Code | Activity Details |
|---|---|---|---|---|
| 4/14/2023 | 0.6 | ANAMARIA SEGURA | Meeting | Met w/ G. Nettle, M. Cabral, J. Ceron to Discuss Next Steps, Mediation |
| 01/05/2022 | 1.5 | ANAMARIA SEGURA | Edit & Revise | Edited/Revised Complaint |
| 02/04/2022 | 1 | ANAMARIA SEGURA | Administrative / Clerical work | Translated Complaint for Client Review |
| 03/01/2021 | 0.1 | ANAMARIA SEGURA | Telephone Call | TC w/ Opposing Counsel |
| 03/02/2022 | 0.3 | ANAMARIA SEGURA | Review - Document | Reviewed First Amended Complaint for Filing |
| 03/24/2022 | 0.3 | ANAMARIA SEGURA | Review - Document | Reviewed Second Amended Complaint for Filing |
| 04/14/2023 | 0.6 | ANAMARIA SEGURA | Meeting | Met w/ G. Nettle, M. Cabral, J. Ceron to Discuss Next Steps, Mediation |
| 05/24/2022 | 0.3 | ANAMARIA SEGURA | Review - Document | Reviewed KFW & Am Le Answer |
| 05/31/2022 | 0.3 | ANAMARIA SEGURA | Review - Document | Reviewed Henry Chang Answer |
| 07/01/2022 | 0.1 | ANAMARIA SEGURA | Telephone Call | TC to Client |
| 07/08/2022 | 2.5 | ANAMARIA SEGURA | Draft | Drafted Pre-Trial Disclosures & Revised Damages |
| 07/30/2021 | 0.4 | ANAMARIA SEGURA | Investigation | Case Investigation |
| 08/02/2022 | 1 | ANAMARIA SEGURA | Discovery - Review Responses | N/A |
| 08/02/2022 | 0.7 | ANAMARIA SEGURA | Meeting | Meet & Confer w/ Opposing Counsel |
| 08/08/2022 | 0.6 | ANAMARIA SEGURA | Telephone Call | TC w/ Client to Discuss Opening Settlement Demnd & |
| 08/18/2021 | 0.8 | ANAMARIA SEGURA | Telephone Call | TC w/ Client |
| 09/27/2022 | 5.7 | ANAMARIA SEGURA | Draft | Draft & Finalize Mediation Statement |
| 10/10/2022 | 0.2 | ANAMARIA SEGURA | Telephone Call | TC w/ Client |
| 12/02/2021 | 1.2 | ANAMARIA SEGURA | Review - Document | Initial Review of Medical Records |
| 1/27/2023 | 5.2 | Geno Nettle | Mediation / Settlement / Voluntary Dismissal | First mediation session |
| 1/31/2023 | 1.2 | Geno Nettle | Investigation | N/A |
| 3/7/2023 | 0.8 | Geno Nettle | Draft - Document / Correspondence/ Email / Memo | Preparing witness affidavits |
| 3/9/2023 | 0.3 | Geno Nettle | Investigation | N/A |
| 3/17/2023 | 0.6 | Geno Nettle | Investigation | N/A |
| 3/23/2023 | 0.3 | Geno Nettle | Draft - Document / Correspondence/ Email / Memo | Witness interview |
| 4/17/2023 | 0.3 | Geno Nettle | Investigation | N/A |
| 4/20/2023 | 1.2 | Geno Nettle | Draft - Document / Correspondence/ Email / Memo | Witness interview and affidavit preparation |
| 5/5/2023 | 7.5 | Geno Nettle | Mediation / Settlement / Voluntary Dismissal | Mediation |
| 01/27/2023 | 5.2 | Geno Nettle | Mediation / Settlement / Voluntary Dismissal | First mediation session |
| 01/07/2022 | 1 | Janet Ceron | Draft - Application for In Forma Pauperis (IFP) | Draft IFP Application & Affidavit |
| 01/17/2022 | 1.5 | Janet Ceron | Meeting | Client Meeting to Review & Sign IFP Affidavit |
| 1/26/2023 | 5.2 | Maya A Cabral | Mediation / Settlement / Voluntary Dismissal | N/A |
| 1/27/2023 | 0.5 | Maya A Cabral | Discuss Status / Process | N/A |
| 4/13/2023 | 0.6 | Maya A Cabral | Meeting | Met w/ G. Nettle, A. Segura, J. Ceron to Discuss Next Steps, Mediation |

| Date | Hours | Person | Category | Description |
|---|---|---|---|---|
| 5/5/2023 | 6.5 | Maya A Cabral | Mediation / Settlement / Voluntary Dismissal | Mediation |
| 01/26/2023 | 5.2 | Maya A Cabral | Mediation / Settlement / Voluntary Dismissal | N/A |
| 01/27/2023 | 0.5 | Maya A Cabral | Discuss Status / Process | N/A |
| 04/13/2023 | 0.6 | Maya A Cabral | Meeting | Met w/ G. Nettle, A. Segura, J. Ceron to Discuss Next Steps, Mediation |
| 01/11/2022 | 0.5 | Michela Weihl | Telephone Call | TC to Client for Additional Facts |
| 02/04/2022 | 0.7 | Michela Weihl | Meeting | Reviewed Complaint with Client |
| 02/07/2022 | 0.3 | Michela Weihl | Pre-Litigation Work | Prepare Civil Cover Sheet |
| 03/02/2022 | 0.5 | Michela Weihl | Draft - Complaint (Amended) | Drafted First Amended Complaint |
| 03/23/2022 | 0.3 | Michela Weihl | Draft - Complaint (Amended) | Drafted Second Amended Complaint |
| 12/04/2021 | 3 | Michela Weihl | Draft - Complaint (Original) | drafted EDNY complaint |
| 12/29/2021 | 0.6 | Michela Weihl | Draft - Complaint (Original) | draft complaint |

| | | |
|---|---|---|
| A. Segura Rate | $ 450.00 | Attorney |
| G. Nettle Rate | $ 350.00 | Attorney |
| J. Ceron Rate | $ 150.00 | Paralegal |
| M. Weihl Rate | $ 150.00 | Paralegal |
| M. Adelman Cabral Rate | $ 150.00 | Paralegal |

| | |
|---|---|
| A. Segura Hours | 18.2 |
| G. Nettle Hours | 17.4 |
| J. Ceron Hours | 2.5 |
| M. Weihl Hours | 5.9 |
| M. Adelman Cabral Hours | 19.1 |

| | | |
|---|---|---|
| **A. Segura Fees** | $ 8,190.00 | Attorney |
| **G. Nettle Fees** | $ 6,090.00 | Attorney |
| **J. Ceron Fees** | $ 488.10 | Paralegal |
| **M. Weihl Fees** | $ 885.00 | Paralegal |
| **M. Adelman Cabral Fees** | $ 2,865.00 | Paralegal |

| | | |
|---|---|---|
| **Fees** | | |
| Total NYLAG Fees | $ 18,518.10 | |
| **Costs** | | |
| 5/4/2023 | $ 550.00 | one half of meditor's fee for full day mediation |
| | | |
| **Total Costs and Fees** | **$ 19,068.10** | |